**Michael ALHOFEN, Plaintiff—Appellant,**

v.

**Gene MONTEILH, Defendant—Appellee.**

No. 03–16960.
D.C. No. CV–01–00660–LEK.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 4, 2004.

Decided Dec. 1, 2004.

Rory Soares Toomey, Esq., Honolulu, HI, for Plaintiff–Appellant.

Arthur E. Ross, Esq., Carolyn Marie Yu, Esq., Marie Manuele Gavigan, Esq., Honolulu, HI, for Defendant–Appellee.

Before BEEZER, GRABER, and BYBEE, Circuit Judges.

## MEMORANDUM *

Michael Alhofen brought a § 1983 action against Officer Gene Monteilh alleging that Monteilh violated his Fourth Amendment rights by arresting him without probable cause. After the jury found that Monteilh lacked probable cause, the district court granted Monteilh's judgment as a matter of law on qualified immunity grounds.

We affirm the district court's determination that Monteilh is entitled to qualified immunity. Officer Monteilh conducted an objectively reasonable investigation before the arrest and is entitled to qualified immunity even though the jury found that he lacked probable cause. *Hunter v. Bryant,* 502 U.S. 224, 229, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) (per curiam) ("[Q]ualified immunity ... 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" (quoting *Malley v. Briggs,* 475 U.S. 335, 343, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986))); *Graves v. City of Coeur D'Alene,* 339 F.3d 828, 848 n. 25 (9th Cir.2003).

At the time of the arrest, Monteilh knew that Alhofen was a suspect in a "terroristic threatening" case. He called Honolulu Police Department dispatch and discovered that Officer Moncrease had conducted an earlier investigation and had interviewed the victim, Hugo Afamasaga. Monteilh examined Afamagasa's victim statement which detailed the incident, Alhofen's death threat, and his willingness to prosecute. In addition, Monteilh interviewed Kevin Shannon, security manager of Star Protection Agency, and was informed that a police report had been filed and that Alhofen had been terminated because of the incident. Officer Monteilh also reviewed a report, prepared by Shannon, which detailed the agency's internal investigation of the incident. Finally, before making the arrest, Monteilh asked Afamasaga to personally identify Alhofen as the person who had threatened him. Based on his knowledge at the time, Officer Monteilh did not make an unreasonable error in arresting Alhofen.

Alhofen contends that Officer Monteilh was not objectively reasonable in his belief that probable cause existed to make the arrest, because he did not interview Alhofen for his version of the incident. *See Arpin v. Santa Clara Valley Transp. Agency,* 261 F.3d 912, 925 (9th Cir.2001) (stating that an officer cannot rely solely on the claim of a "citizen witness that he was a victim" without independently investigating the basis of the witness' knowledge). Here, Monteilh did not rely on Afamasaga's account alone but on Officer Moncrease's prior investigation and his own independent investigation of the incident. Therefore, Officer Monteilh had an objectively reasonable belief that probable cause existed to arrest Alhofen.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.